UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TYRONE DENNY, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:07-cv-557-DFH-WTL |
| ) | |
| CRAIG HANKS, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

  In a prison disciplinary proceeding identified as No. NCF 06-11-0053, Tyrone Denny ("Denny") was found guilty of violating prison rules by attempting to traffick. The circumstances supporting this determination are that on November 9, 2006, a letter written by Denny was intercepted by prison investigator Joe Rice. The intercepted letter requests the reader help Denny get a "bleek-bleek" (slang for a cell phone) and identifies the type as an i855 (a popular brand of cell phone, Motorola i855). Contending that the proceeding is tainted by constitutional error, Denny seeks a writ of habeas corpus. Because the court finds that there was no error of that nature, Denny's habeas petition must be **denied.** This conclusion rests on the following facts and circumstances:

  1. Denny is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)).

  2. "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007).

      a.      In these circumstances, Denny was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539 (1974); *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

      b.      Also, Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether pertaining to the remedy as a whole or to the inclusion in an administrative appeal each claim which is later asserted in a federal habeas petition, constitutes a procedural default.

      3.      Using the protections recognized in *Wolff* and *Hill* as an analytical template, Denny received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Denny was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Denny's claims otherwise are either not persuasive or do not entitle him to relief.

      a.      His claims that he was improperly charged based on the charging officer's misinterpretation of the letter and that he "never attempted to traffic anything" are variations of his claims that there was insufficient evidence, but he does not deny authoring the letter and the interpretation of the letter as his request for assistance in securing a cell phone, which would be contraband, is a reasonable interpretation of the letter. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). There was in this instance sufficient evidence of his violation of the prison rule to satisfy the "some evidence" requirement of due process. *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"). His reply to this argument is that he was not provided with the name of the officer who located and forwarded the letter, but this information would not have aided in his defense. The content, meaning, and authorship of the letter were established to the conduct board's satisfaction and supported by evidence which this court finds to be constitutionally sufficient.

   b. Denny also claims that he was never given notice of confiscation of the letter, that he was denied requested evidence, that the rule violated "was never specified," and that his mail was improperly read. These claims, however, were not included in his administrative appeal, which presented only the claim that there was insufficient evidence to support the conduct board's decision. The consequence of this is that Denny has committed procedural default with respect to these additional habeas claims. Denny could overcome this procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)). He has not done so however, nor has he even tried.

   4. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Denny to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

   So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Judge
United States District Court

Date:  10/18/2007